NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
PHARMACIA CORPORATION               :
(f/k/a Monsanto Company),           :
                                    :
       Plaintiff,                   :     Civ. No. 04-3724 (GEB)
            v.                      :
                                    :     **MEMORANDUM OPINION**
MOTOR CARRIER SERVICES CORP., CSX   :
INTERMODAL, INC., CSX CORPORATION,  :
G.O.D., INC., and RILEY LEASING CORP., :
                                    :
       Defendants.                  :
_____

**BROWN, Chief Judge**

This matter comes before the Court upon Defendants Motor Carrier Services Corp. ("Motor Carrier"), CSX Intermodal, Inc. ("CSX Intermodal"), CSX Corporation ("CSX Corp."), G.O.D., Inc. ("G.O.D.") and Riley Leasing Corp.'s ("Riley Leasing") Motion Compelling Plaintiff Pharmacia Corporation ("Pharmacia") to Discharge Notice of *Lis Pendens*. The Court has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Defendants' motion.

**I.    BACKGROUND**

This case arises out of environmental damage incurred on a piece of property abutting the Passaic River in Kearny, New Jersey (the "Kearny Property"). Pharmacia owned the property from 1956 to 1991 and used it for the manufacture of, *inter alia*, phosphoric acid and sodium trioplyphosphate. Am. Compl. ¶¶ 26-27.[1] On December 19, 1994, Pharmacia and Motor Carrier

---

[1] Pharmacia was formerly known as Monsanto Company. Am. Compl. ¶ 38. The company now known as Monsanto Company has never owned or operated the Kearny Property. *Id*. at ¶ 52. For the sake of clarity, this Opinion will refer to plaintiffs as Pharmacia.

entered into an Agreement (the "Agreement") for the sale of the Kearny Property to Motor Carrier. Pl.'s Opp. Br. 2.   Motor Carrier has owned the Kearny Property since that date.

On October 23, 2003, the New Jersey Department of Environmental Protection ("NJDEP") issued the Natural Resource Injury Assessment and Interim Compensatory Restoration of Natural Resources in the Matter of the Lower Passaic River Directive (the "NRD Directive") notifying Motor Carrier and Pharmacia, among others, that activities at several properties (including the Kearny Property) had contributed to significant environmental damage to the Passaic River.  Def.'s Br. 2. On September 15, 2003, the United States Environmental Protection Agency ("USEPA") issued a Notice Letter to Pharmacia warning that it could potentially be held liable for such damage.  Id.  Finally, on March 10, 2004, USEPA issued a Final Draft Order compelling potentially liable parties, including Pharmacia, to take action to remedy any natural resources damage to the River.  Id. at 2-3.

Pharmacia filed its first Complaint against the Defendants in connection with the Kearny Property on August 5, 2004 , then filed an Amended Complaint on April 11, 2004 (the "Amended Complaint").  Pharmacia seeks to compel Defendants to compensate Pharmacia for the cost incurred as a result of environmental damage to the Kearny Property.  Am. Compl. 2. Pharmacia's Amended Complaint describes the "Nature of the Action" as follows:

> 1. This is a civil action for: (a) contribution under Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 . . . (b) breach of contract; and (c) recovery of costs under . . . the New Jersey Spill Compensation and Control Act . . . .
>
> 2. By this action, Pharmacia seeks to recover in contribution from the Defendants the necessary costs of response that Pharmacia has or will incur [in connection with the] release or threatened release

> of hazardous substances on and in the vicinity of the [Kearny Property.]
>
> 3. By this action, Pharmacia seeks a declaratory judgment that Defendants are contractually obligated to defend and indemnify Pharmacia for Pharmacia's potential liability to the United States Environmental Protection Agency ("USEPA"), the New Jersey Department of Environmental Protection ("NJDEP"), or any third party for any and all costs associated with the study, remediation and monitoring of contamination or natural resource damages associated with the Lower Passaic River.
>
> 4. By this action, Pharmacia also seeks monetary and other damages for the Defendants' breaches of the agreement between the parties.
>
> 5. By this action, Pharmacia seeks recovery in contribution from Defendants . . . .

*Id.* at ¶¶ 1-5. Plaintiff's three numbered counts against Defendants, as well as its Prayer for Relief, are consistent with this description of the action.

On December 27, 2005, Pharmacia filed a Notice of *Lis Pendens* against Motor Carrier, CSX Corp. and CSX Intermodal, with the Office of the Register of Deeds, Hudson County, New Jersey. That notice is aimed at encumbering the Kearny Property. Pl.'s Opp. Br. 4. On February 28, 2006, Defendants moved this Court to compel discharge of the Notice of *Lis Pendens*.

## II. DISCUSSION

### A. Does Plaintiff's Amended Complaint Assert a Cause of Action Affecting the Title to Real Estate?

Defendants argue that Pharmacia's notice of *lis pendens* is improper because Pharmacia failed to assert a cause of action affecting the Title to real estate or an encumbrance thereon. *See* N.J.S.A. § 2A:15-6 . This Court agrees.

"The primary purpose of the notice of *lis pendens* is to preserve the property which is the

3

subject matter of the lawsuit from actions of the property owner so that judicial relief can be granted, if the plaintiff prevails." *Manzo v. Shawmut Bank, N.A.*, 291 N.J. Super. 194, 200 (N.J. Super. Ct. App. Div. 1996), *citing Trus Joist Corp. v. Treetop Assoc., Inc.*, 97 N.J. 22, 31 (N.J. 1984). The statutory basis for the grant of a notice of *lis pendens* is N.J.S.A. § 2A:15-6:

> In every action, instituted in any court of this State having civil jurisdiction or in the United States District Court for the District of New Jersey, *the object of which is to enforce a lien upon real estate or to affect the title to real estate or a lien or encumbrance thereon*, plaintiff or his attorney shall, after the filing of the complaint, file in the office of the county clerk or register of deeds and mortgages, as the case may be, of the county in which the affected real estate is situate, a written notice of the pendency of the action, which shall set forth the title and the general object thereof, with a description of the affected real estate. *No notice of lis pendens shall be filed under this article in an action to recover a judgment for money or damages only*.

N.J.S.A. § 2A:15-6 (emphasis added).

Consistent with the statute, the courts of the state of New Jersey have unequivocally held that a *lis pendens* "may not be filed in an action to recover a judgment for money or damages only." *Cole, Schotz, Bernstein, Meisel & Forman, P.A. v. Owens*, 292 N.J. Super. 453, 461 (N.J. Super. Ct. App. Div. 1996); *see also Grabowski v. S&E Constr. Co., Inc.*, 72 N.J. Super. 1, 6-7 (N.J. Super. Ct. Ch. Div. 1962) ("a subcontractor is not entitled to file a *lis pendens* for the purpose of realizing money damages."); *Garfield v. Elmwood Stores, Inc.*, 17 N.J. Super. 513, 516 (N.J. Super. Ct. Ch. Div. 1952) (court discharging notice of *lis pendens* because underlying action did not affect title to real estate).

In assessing whether the object of an action is to "affect title to real property" damages, courts may look *only* to the underlying complaint. *Polk v. Schwartz*, 166 N.J. Super. 292, 298

(N.J. Super. Ct. App. Div. 1979) ("upon a motion to cancel or discharge a *lis pendens*, the court may not consider anything other than whether the complaint sufficiently states a cause of action to impress a trust."); *see also Novitsky v. Ruda*, 138 Misc. 346, 347 (N.Y. Gen. Term. 1930) (court may only consider complaint, not affidavits, in determining whether to discharge *lis pendens*); *In re Sabatino*, 90 Misc. 2d 56, 57 (N.Y. Surr. Ct. 1977) ("the propriety of a *lis pendens* must stand upon the allegations in the pleadings, and the court should look to the primary purpose of the action, as set forth in the complaint or counterclaim.").

Pharmacia argues that it "has a right [under the Agreement] to reenter the Kearny Property and terminate the estate granted to Motor Carrier." Pl.'s Opp. Br. 6. Pharmacia claims that this right may be triggered by, *inter alia*, "any breach of any of the conditions and obligations of Motor Carrier" under the Agreement. *Id.* Pharmacia concludes that the declaratory judgment it seeks from the Court will affect title to the Kearny Property as it "will necessarily include a determination by the Court that Defendants breached the Kearny Agreement," and will therefore trigger Pharmacia's right to re-enter the property. *Id*.

It appears to the Court, however, that Pharmacia has in fact failed to demonstrate that this action is one that affects the title to real estate under N.J.S.A. § 2A:15-6. The plain language of plaintiff's Amended Complaint indicates that it only seeks monetary damages. *See, e.g.,* Am. Compl. ¶¶ 1-5. While Plaintiff's Opposition to Defendants' Motion to Compel Discharge of the Notice of *Lis Pendens* dwells at length on Pharmacia's alleged right to reenter under the Agreement, no mention of that right is to be found in the Amended Complaint. This Court therefore holds that the notice of *lis pendens* was improper under N.J.S.A. § 2A:15-6 and is discharged without prejudice.

B.     **Should Plaintiff be Granted the Right to Further Amend its Complaint?**

Pharmacia requests, in the alternative, that the Court allow it to further amend its Amended Complaint pursuant to Fed. R. Civ. P. 15(a).  Under Rule 15(a), Pharmacia may amend its pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Courts have shown "strong liberality . . . in allowing [such] amendments . . . ." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989), *quoting Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981). "District courts nevertheless retain substantial discretion to deny amendments in the event of bad faith, undue prejudice to opposing parties, futility of the amendment, or repeated failure to cure deficiencies by amendments previously allowed." *Newlin v. Invensys Climate Controls*, No. 05-5746, 2006 U.S. Dist. LEXIS 61133, at *3 (D.N.J. Aug. 16, 2006) (quotations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Renart v. Chartwells*, 2004 U.S. App. LEXIS 25611, at *4 (3d Cir. Dec. 13, 2004).

Defendants argue that granting Pharmacia the right to further amend its Amended Complaint would be futile, "because a simple modification of the prayer for relief will not provide any support for maintaining the Notice against Defendants." Def.'s Rep. Br. 12.   The Court acknowledges that the Amended Complaint makes no mention of Plaintiff's alleged right to reenter.  Pharmacia's Brief in Opposition to Defendants' Motion to Discharge, however, reveals that Pharmacia may have grounds to put forward a claim that would "affect a title for real estate" and thus satisfy N.J.S.A. § 2A:15-6.  *See* Pl.'s Opp. Br. 11-12.  Allowing Pharmacia to further amend its Amended Complaint would therefore not be futile.

Pharmacia further argues that allowing Plaintiff to amend its Complaint would unduly

impair Defendants' ability to present their case. Def.'s Rep. Br. 12. The Court disagrees. As highlighted by Pharmacia, "Defendants received notice of the lis pendens two months prior to the close of discovery, and did not seek any discovery on this matter in its subsequent Supplemental Interrogatories." Pl.'s Opp. Br. 12. Moreover, since the right of reentry under the Agreement can only be triggered by breach of contract, and since both parties have had the opportunity to conduct discovery on the issue of breach, it is unclear how allowing Plaintiff to further amend the Amended Complaint would prejudice Defendants. The Court therefore grants Plaintiff leave to file a Second Amended Complaint within 10 days of filing of this opinion.

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion is granted. Plaintiff's notice of *lis pendens* is discharged without prejudice. Pharmacia is granted leave to further amend its Amended Complaint within 10 days of filing of this opinion. An appropriate form of Order accompanies this Memorandum Opinion.

Dated September 25, 2006

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.