**NOT FOR PUBLICATION**

RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AUG 29 2007

AT 8:30_____M
WILLIAM T. WALSH
CLERK

PHARMACIA CORPORATION
(f/k/a Monsanto Company),

           Plaintiff,

        v.

MOTOR CARRIER SERVICES CORP.,
CSX INTERMODAL, INC., CSX
CORPORATION, G.O.D., INC., and
RILEY LEASING CORP.,

           Defendants.

Civ. No. 04-3724 (GEB)

**MEMORANDUM OPINION**

**BROWN, Chief Judge**

    This matter comes before the Court upon the motion of defendants Motor Carrier Services Corp. ("Motor Carrier"), CSX Intermodal, Inc. ("Intermodal"), and CSX Corporation ("CSX") (collectively "Defendants") to stay this Court's June 20, 2007 Order pending appeal without the requirement of a bond. The Court has reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny the motion.

**I.   Background**

    Plaintiff Pharmacia Corporation ("Plaintiff") filed a Complaint on August 5, 2004 alleging that Defendants are liable for the costs of environmental clean-up incurred in connection with a 28-acre piece of property abutting the Passaic River in Kearny, New Jersey (the "Kearny Property"). (Docket Entry # 155, at 1.) This Court conducted a non-jury trial

from January 3 to January 11, 2007 and ordered (i) that Defendants were to indemnify the Plaintiff pursuant to the Kearny Site Purchase and Sale Agreement (the "Agreement") for any and all costs for which Plaintiff is or becomes liable to the New Jersey Department of Environmental Protection ("NJDEP") and the United States Environmental Protection Agency ("USEPA"), and (ii) that Plaintiff has the right to reenter and terminate the estate granted to Motor Carrier. (*Id.* at 36.)

On July 2, 2007, Defendants filed the present motion to stay the judgment pending Defendants' appeal to the United States Court of Appeals for the Third Circuit.

## II. Discussion

Defendants submit to the Court that they are entitled to a stay of this Court's June 22, 2007 Order pending appeal, and contend that the Court should waive the requirement of a *supersedeas* bond or, in the alternative, fix the amount of any such bond at $500,000.

To determine whether Defendants are entitled to a stay of judgment pending appeal pursuant to Federal Rule of Civil Procedure 62, a court must assess:

> (i) whether Defendants have made a strong showing that they are likely to succeed on the merits,
>
> (ii) whether Defendants will be irreparably injured absent the stay,
>
> (iii) whether issuance of a stay will substantially injure other parties interested in proceedings, and
>
> (iv) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991); *Bank of Nova Scotia v. Pemberton*, 964 F. Supp. 189, 190 (D.V.I. 1997).

The district court has discretion to grant a stay of judgment with no *supersedeas* bond or with only a partial *supersedeas* bond. *Crowley v. Chait*, 2005 U.S. Dist. LEXIS 40830, at *3-4 (D.N.J. Sep. 23, 2005). However, this power is exercised only in "extraordinary circumstances" and only where alternative means of securing the judgment creditor's interest are available. *Id.* at 4; *see also Pemberton*, 964 F. Supp at 192.

### A. Stay Pending Appeal

Defendants contend that an assessment of the four *Hilton* factors compels the conclusion that the Court should grant the requested stay. (Def. Br. at 5-12); *see Hilton*, 481 U.S. at 776.

First, Defendants argue that they have a reasonable likelihood of success on appeal due to four errors in this Court's prior decisions. Indeed,, Defendants claim that this Court erred in piercing the corporate veil between Motor Carrier and Intermodal in its December 7, 2006 Memorandum Opinion. (Def. Br. at 5-6.) Moreover, Defendants submit that this Court misinterpreted the Agreement with respect to Pharmacia's right of reentry to the Kearny site. (*Id.* at 6.) Specifically, Defendants argue that the Court ordered immediate reentry, while the Agreement allows for a period to cure the violations. (*Id.* at 6-7.) In addition, Defendants claim the Court erred in concluding that CSX was an "Assurance Affiliate" of Motor Carrier under the Agreement. (*Id.* at 7.) Finally, Defendants argue that this Court's factual findings that "Motor Carrier did not suffer any prejudice as a result of the lack of notice" and that it "need not address whether CSX or Intermodal were prejudiced by a lack of notice" were clearly erroneous. (*Id.* at 8.)

Second, Defendants argue that irreparable injury will result if their interest in the property is terminated and transferred to Plaintiff. (*Id.* at 8-10.) Indeed, Defendants claim that

the Kearny site is a unique piece of real estate and the cost of relocating would be unrecoverable. (*Id.* at 10.)

Third, Defendants argue that an analysis of the balance of harms supports their position. (*Id.* at 11.) Defendants claim that Plaintiff's right to reentry will not be affected, while Defendants will suffer the irreparable harm discussed above. (*Id.*)

Finally, Defendants submit that the public interest factor supports the granting of a stay. (*Id.* at 12.) Defendants contend that operation of their rail activities is a vital piece of interstate commerce. (*Id.*) Defendants argue that ordering money damages and a right of reentry to Plaintiff creates an unnecessary windfall, detrimental to the public interest. (*Id.*)

Plaintiff takes exception with Defendants' application of the *Hilton* factors. First, Plaintiff claims that Defendants is unlikely to prevail on appeal. (Pl. Opp'n at 2-4.)

Second, Plaintiff asserts that no irreparable injury will result if the Court refuses to issue a stay pending appeal. (*Id.* at 4.) Indeed, Plaintiff claims that Defendants have misconstrued the meaning of the agreement and this Court's Order, and argues that the following language from the agreement supports its position: "Motor Carrier shall have 30 days from the date of the final, non-appealable judgment . . . to cure the violation." (*Id.* at 4-5.) Plaintiff concludes that since the current judgment is still appealable, it does not have the right to reclaim the property at this time, and no irreparable injury is therefore likely if reentry is delayed. (*Id.* at 5.)

Third, Plaintiff claims that since Defendants' belief that Plaintiff can reenter the Kearny Site at this time is erroneous – because the preconditions to Pharmacia's right of entry have not yet been fulfilled – Defendants will not suffer any harm if the Court rejects its motion. (*Id.* at 5.) Plaintiff submits that, by contrast, a stay would put it at great risk of harm since CSX's recent

4

financial woes would call into question their ability its ability to put forth a bond to protect Plaintiff's interest. Plaintiff concludes that the balance of harms weighs in its favor.

Finally, Plaintiff claims that Defendants have failed to show that the public interest favors a stay. (*Id.* at 6.) Again, Plaintiff asserts that Defendants' claims are misplaced due to the erroneous conclusion regarding the immediate right to reclaim the property. (*Id.* at 6.) Further, Plaintiff claims that the public interest favors a rejection of the motion to stay because of the importance of quick and final resolution of such disputes. (*Id.* at 7.)

The Court agrees with Plaintiff and finds that Defendants are not entitled to a stay of judgment pending appeal. All of the *Hilton* factors weigh in favor of denying Defendants' motion.

First, the Court is not convinced that Defendants are likely to succeed on appeal. Second, the Court finds that Defendants will not be irreparably injured absent a stay. Third, the Court finds that Plaintiff could be harmed if their interest in the judgment is unsecured during the ensuing appeal. Finally, the Court finds that the public interest is not harmed by the denial of Defendants' motion. Since there is no immediate right to reentry, the public harm alleged by Defendants is immaterial. Further, public interest weighs against issuing a stay in these situations. *Pemberton*, 964 F. Supp. at 191 (denying a stay because the public interest is not served by "a court system clogged with meritless appeals").

For the foregoing reasons, the Court finds that a stay is neither essential nor appropriate in the present matter. Moreover, if the Court were to grant a stay pending appeal, we find no basis upon which to exercise our discretion to waive or reduce the amount of the *supersedeas* bond.

III.   **Conclusion**

For the foregoing reasons, the Court will deny Defendants' motion for a stay of this Court's June 22, 2007 Order pending appeal. An appropriate form of Order accompanies this Opinion.

Dated:

_____
GARRETT E. BROWN, JR., U.S.D.J.