NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PHARMACIA CORPORATION, (f/k/a Monsanto Company) | : : : : | |
| Plaintiff | : : | Civ. No. 04 - 3724 (GEB) |
| v. | : : : | |
| MOTOR CARRIER SERVICES CORP., CSX INTERMODAL, INC., CSX CORPORATION, G.O.D., INC., and RILEY LEASING CORP., | : : : : : : | MEMORANDUM OPINION |
| Defendants | : : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the Motion for Supplemental Relief of Defendants Motor Carrier Services, Corp. ("Motor Carrier"), CSX Intermodal, Inc. ("Intermodal"), and CSX Corporation ("CSX") (collectively, "Defendants"). Defendants request supplemental relief in the form of a declaratory judgment pursuant to 28 U.S.C. § 2202. The Court has reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny Defendants' motion.

**I.    BACKGROUND**

This litigation began in August, 2004, and culminated in a bench trial before this Court. The Court issued its Findings of Fact and Conclusions of Law on June 20, 2007, finding in favor

of Plaintiff Pharmacia Corp. ("Plaintiff" or "Pharmacia") and ordering that:

> Motor Carrier, CSX and Intermodal shall indemnify Pharmacia pursuant to the Agreement for any and all costs for which Pharmacia is or becomes liable to NJDEP and USEPA pursuant to the NJDEP Directive, the USEPA Order as amended by Amendment No. 1, or any future action by NJDEP, USEPA or any other regulatory agency related to the remediation of the Lower Passaic River, and for future cleanup of Kearny Site.

(6/20/07 Order.)

On or about August 2, 2007, Pharmacia received a letter from the National Oceanic and Atmospheric Association ("NOAA") inviting Pharmacia to investigate damage to natural resources in the Lower Passaic River in partnership with the NOAA. (Pl. Opp'n. Br. Ex. 1 ("NOAA Letter").) Plaintiff's counsel forwarded the NOAA letter to Defendants' counsel and demanded indemnification for future costs arising from this investigation. (Pl. Opp'n. Br. Ex. 2 ("Demand Letter").) Counsel for Defendants refused this demand in light of this Court's June 20, 2007 ruling. Defense counsel argued in particular that the action contemplated by the NOAA was beyond the scope of the purchase agreement at issue in this case. (Pl. Opp'n. Br. Ex. 3 ("Response Letter").) Defendants now move for a declaratory judgment that they need not indemnify Pharmacia for the NOAA investigation.

## II.   DISCUSSION

Defendants seek a declaratory judgment on the basis of 28 U.S.C. § 2202, which provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

Defendants acknowledge that support for their reliance on this statute is "rather lean."

(Defs.' Br. at 4.)  Although they cite two cases in support of their motion, the Defendants' primary argument is that both common sense and the plain language of the statute permit their invocation of Section 2202.  (*Id*.)  The Defendants also assert that the Court should adopt their interpretation of Section 2202 to avoid additional litigation in a new action and the waste of judicial resources it would entail.  (Defs.' Reply Br. at 3.)

Pharmacia, on the other hand, argues that the case law cited by the Defendants is "at best inapposite and at worst directly contrary to their contentions in this motion." (Pl. Opp'n. Br. at 6.) They submit that there is no case law supporting the use of Section 2202 by a party who has been unsuccessful at trial.  (*Id.* at 6-7.)  Additionally, Pharmacia argues that the plain meaning of the statute precludes its use when, as here, the moving party has been granted no relief at trial.  (*Id*.) Finally, Plaintiff asserts that this motion is a "thinly-veiled and improper attempt to re-litigate matters and defenses unsuccessfully raised at and argued by Defendants earlier in this action." (*Id*. at 5.)

It is a "basic and unexceptional rule that courts must give effect to the clear meaning of statutes as written." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 476 (1992)*.* Applying this standard to 28 U.S.C. § 2202, the Court believes that the statute cannot be relied upon by a party who has failed to obtain any relief at trial.  The Court finds particularly telling Defendants' inability to cite to any case supporting reliance on that statute in such a situation.[1] Although we acknowledge the importance of judicial economy where possible, that consideration

---

[1] Defendants cite *Gant v. Grand Lodge of Texas*, 12 F.3d 998, 1002 (10th Cir. 1993)*,* in which the court granted a party's Section 2202 motion when that party had successfully obtained prior relief from the court, and to *United States v. Microsoft Corp*., 147 F.3d 935, 942 (D.C. Cir. 1998), a case that is factually inapposite here.

3

cannot save a motion that lacks legal merit.

### III.    CONCLUSION

For the foregoing reasons, the Court will deny the Defendants' Motion for Supplemental Relief pursuant to 28 U.S.C. § 2202.  An appropriate form of Order accompanies this Memorandum Opinion.

Dated: Nov. 19, 2007

 s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.
