NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |
|---|---|
| PHARMACIA CORPORATION (f/k/a Monsanto Company), : | |
| Plaintiff, : | Civ. No. 04-3724  (GEB) |
| v. | |
| : | **MEMORANDUM OPINION** |
| MOTOR CARRIER SERVICES CORP., CSX INTERMODAL, INC., CSX CORPORATION, : G.O.D., INC., and RILEY LEASING CORP., | |
| : | |
| Defendants. | |

---

**BROWN, Chief Judge**

This matter comes before the Court upon Defendants Motor Carrier Services Corp. ("Motor Carrier"), CSX Intermodal, Inc. ("Intermodal"), CSX Corporation ("CSX") (collectively, the "Defendants") motion for a stay pending appeal pursuant to Federal Rule of Civil Procedure 62, and Plaintiff Pharmacia Corporation's ("Pharmacia" or "Plaintiff") motion for contempt against Defendants.  The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court will deny Defendants' motion and deny Pharmacia's motion.

**BACKGROUND**

The Court held a bench trial in this matter from January 3 to January 11, 2007.  On June 20, 2007, the Court issued its Findings of Fact and Conclusions of Law, finding that:

> Motor Carrier, CSX and Intermodal shall indemnify Pharmacia
> pursuant to the Agreement for any and all costs for which
> Pharmacia is or becomes liable to NJDEP and USEPA pursuant to
> the NJDEP Directive, the USEPA Order as amended by

> Amendment No. 1, or any future action by NJDEP, USEPA or any other regulatory agency related to the remediation of the Lower Passaic River, and for future cleanup of the Kearny Site. The Court also finds that Motor Carrier has breached the Agreement, and that Pharmacia therefore has the right to reenter and terminate the estate granted to Motor Carrier.

(Docket Entry No. 155, at 36.)  On July 2, 2007, Defendants moved for a stay pending appeal without posting a *supersedeas* bond, or, in the alternative, for a stay with a $500,000 bond. (Docket Entry No. 157.)  That motion was denied on August 28, 2007.  (Docket Entry No. 177.)

On September 10, 2007, Defendants moved for supplementary relief under 28 U.S.C. § 2202 and sought a declaratory judgment that the Court's June 20, 2007 Order did not compel them to compensate Plaintiff for costs associated with an investigation by the National Oceanic and Atmospheric Association ("NOAA").  (Docket Entry No. 179.)  The Court denied that motion on November 19, 2007.  (Docket Entry No. 190.)  On January 4, 2008, Plaintiff moved for the Court to find Defendants in contempt of the Court's orders.  (Docket Entry No. 192.)  On January 18, 2008, Defendants moved for the Court to approve a proposed $2.9 million *supersedeas* bond and to stay execution of the Court's judgment pending disposition of their appeal. (Docket Entry No. 196.)

## DISCUSSION

### A.    Motion to Stay

The Riley Defendants request that the Court stay its June 20, 2007, September 17, 2007 and January 9, 2008 orders (as well as any further orders that may issue in connection with those orders) pending disposition of their appeal to the Third Circuit.  (Def. Mot. at 1.)  The Court will deny that request.

Federal Rule of Civil Procedure 62 provides, in relevant part, that:

(a) . . . Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 10 days have passed after its entry. But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:
   (1) an interlocutory or final judgment in an action for an injunction or a receivership; or
   (2) a judgment or order that directs an accounting in an action for patent infringement.
. . .
(c) Injunction Pending an Appeal. While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. If the judgment appealed from is rendered by a statutory three-judge district court, the order must be made either:
   (1) by that court sitting in open session; or
   (2) by the assent of all its judges, as evidenced by their signatures.
(d) Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

FED. R. CIV. P. 62.

Defendants submit that "Rule 62(d) provides appellants with a stay as of right when contesting monetary judgments upon posting a sufficient supersedeas bond."  (Def. Mot. at 3.) They contend that this Court's orders  "compelling the CSX Defendants to indemnify Pharmacia for remediation costs 'for which Pharmacia *is* liable' . . . an amount later quantified at $448,431.22 . . . and $469,360.24 in attorney fees . . . are not injunctions but orders to pay sums certain – typical monetary judgments."  (*Id.* at 3-4.) Similarly, Defendants argue that "[t]he remaining aspect of the Court's June 20, 2007, [O]rder – that the CSX Defendants indemnify Pharmacia for remediation costs 'for which Pharmacia *becomes* liable' – should be analyzed no

differently, because it [is] simply a prospective order to pay." (Def. Mot. at 4 (citations

omitted).) Defendants add that Plaintiff itself purportedly admitted in its opposition to Plaintiff's

initial motion for stay that the Court's Order was "not a conventional injunction." (*Id.* at 4,

*quoting* Docket Entry No. 158, at 2 n.1.) Defendants conclude that the Court should issue a Rule

62(d) stay of all said monetary judgments pending appeal.

In the alternative, Defendants argue that even if Rule 62(a)(1) applies to "except[] this

action from the provisions of Rule 62(d) that make a stay *automatic* on the posting of a

supersedeas bond", a stay should still be available in this case under Rule 62(c) because "a bond

will fully secure Pharmacia's rights . . . ." (Def. Mot. at 5.) Defendants suggest that a bond in

the amount of $2.9 million would be "conservative" and "more than sufficient to indemnify

Pharmacia for any reasonably foreseeable past and future remediation costs and related attorneys'

fees that would otherwise come due during the pendency of the appeal." (*Id.* at 6.)[1]

Finally, Defendants posit that while "[t]he availability of a stay under Rule 62(d) . . . does

not . . . turn . . . on the CSX Defendants' likelihood of success on appeal . . . , the balancing test

for a discretionary stay under Rule 62(c) confirms that a stay is proper in this instance." (*Id.* at

8.) Defendants then proceed to analyze in depth the likelihood of their success on appeal. (*Id.* at

8-18.)

Plaintiff responds that "Defendants are not entitled to an 'automatic' stay of the Court's

June 22, 2007 Order under Fed. R. Civ. P. 62(d)." (Pl. Opp'n at 3.) Indeed, Pharmacia suggests

that "final judgments in an action for an injunction are governed by Fed. R. Civ. P. 62(c), and not

---

[1]     A detailed breakdown of the calculations leading to that figure are set out on page
7 of Defendants' motion.

by Fed. R. Civ. P. 62(d)," that Rule 62(d) applies only to "the parts of judgments that govern money judgments, and not those that concern injunctive relief," and that it should not therefore apply to this Court's Orders prospectively directing Defendants to indemnify Pharmacia. (*Id*. at 3-4.) Plaintiff also submits that its earlier characterization of the June 22, 2007 as an unconventional injunction was unavailing since it was allegedly rejected by the Court's subsequent opinions. (*Id.* at 4.) Plaintiff adds that Defendants themselves "invoked Rule 62(c) as the basis for their first stay motion, arguing that the Court 'preserve the status quo and suspend all aspects of the Order, *including the injunctive portions* . . . .'" (*Id.* at 4, *quoting* Docket Entry No. 157, at 3.)

Plaintiff also maintains that "Defendants are not entitled to a discretionary stay of the Court's June 22, 2007 Order under FED. R. CIV. P. 62(c)" either. (Pl. Opp'n at 4.) Plaintiff insists that the Court has already taken into consideration the factors behind a Rule 62(c) stay in its August 29, 2007 Memorandum Opinion, and rejected them then. (*Id*. at 6.)

Finally, Plaintiff contends that in the event the Court deems a *supersedeas* bond appropriate in this matter, the Court should require that CSX post a bond of at least $15.4 million. (*Id.*) It argues that the sum suggested by Defendants is entirely inadequate as it fails to take into consideration "Pharmacia's right to reenter the Kearny site and terminate Defendants' estate in the property." (*Id.* at 7.) It also adds that "Defendants' proffered analysis of Pharmacia's prospective costs woefully underestimates Pharmacia's potential liability for the Federal and State initiatives related to the Passaic River." (*Id.*)

Having reviewed the parties' submissions, the Court holds that Defendants are not entitled to a Rule 62(c) stay of this Court's order to pay damages in this matter. The Court

acknowledges that its award of prospective costs and attorneys' fees overlaps in theory with both injunctive and monetary relief, but the Court will interpret its orders relating to damages and fees as orders "to pay", rather than an order "to do."  (Docket Entry No. 156.)  Rule 62(c) does not allow for the stay of such monetary judgments.

There remains to be determined whether Defendants are entitled to a stay under Rule 62(d) instead.  "With respect to a case arising in the federal system it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance  with Fed. R. Civ. P. 62(d) . . . ."  *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount*, 87 S. Ct. 1, 3 (1966), *citing In re Federal Facilities Realty Trust*, 227 F.2d 651, 655 (7th Cir. 1955).  Indeed, the Supreme Court has described the Rule 62(d) stay as "automatic."  *See Becker v. United States*, 451 U.S. 1306, 1308 (1981); *see also Nicholas v. Wyndham Int'l, Inc.*, No. 01-147, 2007 U.S. Dist. LEXIS 94333, at *3 (D. V.I. Dec. 21, 2007) ("The rule entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." ).  The Defendants are therefore entitled to a Rule 62(d) stay of this Court's June 20, 2007, September 17, 2007 and January 9, 2008 Orders to pay damages and fees (both actual and prospective) provided they supply a bond in the amount to be determined by the Court.

"A supersedeas bond is any form of security, whether in the form of cash, property, or surety bond, which a court may require of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful."  *Nicholas*, 2007 U.S. Dist. LEXIS at *3-4, *quoting Black's Law Dictionary* 1289 (5th ed. 1979); *see also Milligan v. Khodra*, 2004 U.S. Dist. LEXIS 28064, at *31 (D.V.I. App. Div. Sep. 30, 2004).  "In

order to make the other party whole, such a supersedeas bond 'must normally be in a sum sufficient to pay the judgment and costs, interest, and damages for delay.'" *Nicholas*, 2007 U.S. Dist. LEXIS 94333 at *4, *quoting Patrick v. John Odato Water Serv.*, 767 F. Supp. 107, 109 n.3, (D.V.I. App. Div. 1991).  The amount of the bond – and in fact, whether to require a bond at all – remains within the Court's discretion.  *Hurley v. Atlantic City Police Dep't*, 944 F. Supp. 371, 374 (D.N.J. 1996); *see also United States v. Aspar Constr. Co.*, No. 85-0459, 1988 U.S. Dist. LEXIS 3538, at *5 (D.N.J. Mar. 15, 1988) ("Rule 62(d) makes filing a supersedeas bond a condition precedent only if appellant seeks to obtain a stay as a matter of right; the Rule does not limit the district court's power to issue unsecured stays through an exercise of sound discretion.").

As of the date of this Opinion the Court has ordered Defendants to pay $448,431.22 in clean-up costs, $469,360.24 in attorneys' fees, in addition to prospective clean-up costs and fees. (Docket Entry Nos. 180, 193.)  The Court has not been given – and there may not exist – a clear way to ascertain the scope of the damages to come.  In light of Defendants' existing liabilities and the likelihood of further clean-up costs in the near future, the Court holds, in its discretion that the monetary judgments awarded against the Stay Defendants will therefore be stayed under Rule 62(d) provided they submit a bond in the amount of $3,000,000.

> B.   Motion for Contempt

Plaintiff submits that the Defendants have pointedly ignored this Court's orders awarding damages and fees to Pharmacia, and contends that it is entitled to a finding of contempt on their part.  The Court disagrees.

Every order granting an injunction is binding upon the parties to the action, their officers,

7

agents, servants, employees, and attorneys, and upon those persons in active concert or

participation with them who receive actual notice of the order.  FED. R. CIV. P. 65(d). "A movant

for a contempt order must establish that 1) a valid order of the court existed, 2) the alleged

contemnor knew of the order, and 3) the order was violated." *Marshak v. Treadwell*, No. 95-

3794, 2007 U.S. Dist. LEXIS 66622, at \*19 (D.N.J. Sept. 10, 2007), *quoting Roe v. Operation*

*Rescue*, 54 F.3d 133, 137 (3d Cir. 1995). "The elements of contempt must be shown by clear and

convincing evidence." *Marshak*, 2007 U.S. Dist. LEXIS at \*19, *citing Quinter v. Volkswagon of*

*Amer.*, 676 F.2d 969, 974 (3d Cir. 1982).  "A party who is alleged to be in contempt may not [,

however,] challenge the substantive merits of the underlying order." *Marshak*, 2007 U.S. Dist.

LEXIS at \*19, *citing Halderman v. Pennhurst State School & Hospital*, 673 F.2d 628, 637 (3d

Cir. 1982).

"Civil contempt is remedial in nature, and serves the purpose of the parties to the action

and is intended to coerce compliance with an Order of the Court or to compensate for losses or

damages sustained by reason of noncompliance."  *Merrill Lynch Bus. Fin. Servs. v. Kupperman*,

No. 06-4802, 2007 U.S. Dist. LEXIS 78880 (D.N.J. Oct. 24, 2007).  "The Court has great

discretion in imposing coercive sanctions on the contemnor and whether to impose fines or order

imprisonment."  *Merrill Lynch Bus. Fin. Servs. v. Kupperman*, No. 06-4802, 2007 U.S. Dist.

LEXIS 78880, at \*7 (D.N.J. Oct. 24, 2007), *quoting United States v. United Mine Workers*, 330

U.S. 258, 304 (1947); *see also Figueroa v. Blackburn*, 39 F. Supp. 2d 479, 493 (D.N.J. 1999)

("The judge presiding over a matter before her has broad discretion in determining when an

individual is in direct contempt of court."); *Public Research Group of N.J. v. N.J. Dep't of*

*Environ. Prot. & Energy*, No. 89-5371, 1993 U.S. Dist. LEXIS 4875, at \*6 (D.N.J. April 13,

1993) ("The framing of sanctions for civil contempt is committed to the sound discretion of the trial court.").

Plaintiff submits that "[i]n this matter, it is unquestionable that the Court's Order is a valid order and that Defendants had knowledge of the Order." (Pl. Mot. at 6.)  Plaintiff suggests that "to hold Defendants in contempt of the Order, the Court must only examine whether [they] disobeyed the Order," and insists that they "have defied the Court's Order by refusing to defend and indemnify Pharmacia for liability and costs relating to NOAA's notice of intent to conduct an assessment of injury to natural resources in the Lower Passaic River." (*Id.*)

The Defendants respond that they "are not, and have never been, in contempt of the June 2007 Order." (Def. Opp'n at 7.)   Indeed, they argue that they "were never ordered to defend Pharmacia from the NOAA Notice or any other claim", and that "as soon as this Court discussed the meaning of its June 2007 Order in its January 9, 2008 Opinion, Defendants promptly agreed to indemnify Pharmacia." (*Id.* at 7-8.)  Defendants conclude that Plaintiff's motion for contempt is moot.  (*Id.* at 8-9.)

Defendants further argue that the June 2007 Order, on its face, did not require them to defend Pharmacia from the NOAA Notice.  (*Id.* at 9.)  Indeed, they suggest that the Court's Order is "limited to a declaration that Defendants 'shall indemnify' Pharmacia for certain costs." (*Id.*) The Defendants further claim that the "indemnification obligation imposed by the June 2007 [Order] is insufficiently specific to be enforceable by contempt for a failure to indemnify for the NOAA action." (*Id.* at 12.)   They add that the Order does not "identify[] or describe how the parties are to determine what obligations asserted by Pharmacia subsequent to the trial are 'pursuant to the Agreement' or how the parties are to determine which specific costs Defendants

9

'shall indemnify' Pharmacia from." (*Id.* at 13-14.)  In addition, Defendants insist that they "have never failed to indemnify Pharmacia for any . . . costs [addressed in this Court's June 2007 Order] because there were no costs presented to Defendants prior to the January 9, 2008 Opinion or [their] subsequent acceptance of the indemnification obligation." (*Id.* at 10.)  In fact, Defendants contend that "Pharmacia has not yet advised the Intermodal Defendants of any costs arising from the NOAA Notice, let alone sought reimbursement for such costs as 'indemnification.'" (*Id.*)

Finally, Defendants submit that while this Court ruled that "costs arising from the NOAA Notice fall within [their] indemnification obligation as set forth in the Findings of Fact and Conclusions of law," Defendants "did not have a full and timely opportunity to present all relevant arguments in support of their contention that neither the June 2007 Order nor the Agreement upon which it is based requires [them] to indemnify Pharmacia for the NOAA notice." (*Id.* at 16.)

As a threshold matter, the Court notes that it will not take into consideration Defendants' claim that they were denied an adequate opportunity to respond to Plaintiff's motion for a declaratory judgment on the NOAA claim.   Such an argument is best addressed in the context of a motion for reconsideration under Local Civil Rule 7.1 or an appeal of this Court's decision to the Third Circuit Court of Appeals.  The time for a motion for reconsideration has passed.  The Intermodal Defendants' claim is best left to the Third Circuit.

Turning to the merits of the motion, the parties do not appear to dispute that Defendants knew of this Court's June 20, 2007, September 17, 2007 and January 9, 2008 orders.  There remains to be seen only whether they violated the orders by failing to pay Plaintiff.  This Court

ordered on July 20, 2007 that Plaintiff was entitled to compensation from all Defendants for the costs of clean-up and remediation associated with the Kearny Site. (Docket Entry No. 155.)   The Defendants then put forth the non-frivolous – but ultimately incorrect – argument that the Order did not cover the costs incurred in connection with the NOAA investigation.  The Court, however, clarified the scope of its decision on January 9, 2008,[2] leading Defendants to immediately assure Plaintiff that it would be compensated for the costs associated with the NOAA investigation, in compliance with this Court's orders.

Taking into consideration the argument set forth by Defendants for non-payment and their immediate action following this Court's January 9, 2008 Order, the Court holds in its discretion that they will not be held in contempt and that sanctions are inappropriate.  While payment of the funds due to Plaintiff have long been delayed, the Court having now clarified, to the extent it was required, the scope of the Defendants' liability, the Defendants shall pay Plaintiff the funds awarded within 10 days of being presented with an itemized bill of costs.

---

[2]        The Court held then that:

> NOAA is a federal agency focused on the condition of the oceans and the atmosphere . . . . Costs arising in connection with the NOAA investigation [] fall under the purview of this Court's Findings of Facts and Conclusions of law assigning liability to the CSX and Riley Defendants . . . .

(Docket Entry No. 193, at 8.)

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' Motion for Stay provided they submit a *supersedeas* bond in the amount of $3,000,000, and deny Plaintiff's Motion for Contempt.  An appropriate form of Order accompanies this Opinion.

Dated: March 28, 2008

                                 __ s/ Garrett E. Brown, Jr._____
                                 GARRETT E. BROWN, JR., U.S.D.J.